**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - X
ANTHONY FELIZ,                :
                              :
    Petitioner,           :
                              :     01 Civ. 5544 (JFK)
        -against-      :     00 Cr. 53 (JFK)
                              :     **OPINION and ORDER**
UNITED STATES OF AMERICA,     :
                              :
    Respondent.           :
- - - - - - - - - - - - - - - X

<u>APPEARANCES</u>:

    Petitioner

        Anthony Feliz
        48738-054
        USP Pollack
        P.O. Box 2099 - Unit A-2
        Pollack, Louisiana 71467

    For the Respondent,

        DAVID N. KELLEY
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel: AUSA Andrew J. O'Connell

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

**PRELIMINARY STATEMENT**

Before the Court is Anthony Feliz's pro se motion for relief, pursuant to Federal Rule of Civil Procedure 60(b)(6), from an order denying his motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

**BACKGROUND**

In January 2000, Feliz was indicted for obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery, in violation of 18 U.S.C. § 1951 (the Hobbs Act). Specifically, Feliz was charged with robbing a person engaged in the business of television repair.

Pursuant to a written plea agreement with the Government dated December 15, 2000, Feliz pleaded guilty to the charge. The plea agreement contained a provision waiving Feliz's right to appeal or collaterally attack a sentence within the stipulated range of 121 to 130 months' imprisonment. Government's Brief, Exhibit C at 4-5. During the December 18, 2000, plea allocution, Feliz confirmed that he understood the plea agreement, including its waiver provision, and that he was entering the plea voluntarily. Plea Transcript at 12-14. Feliz admitted his participation in the charged conduct, and also admitted that the "location was chosen for the robbery because we

had been told that its occupant repaired televisions and we believed he would have cash there." Id. at 16. The Court accepted Feliz's plea. Id. at 17.

On May 1, 2001, the Court sentenced Feliz to 121 months' imprisonment. Sentencing Transcript at 10. The Court of Appeals for the Second Circuit subsequently dismissed Feliz's appeal. United States v. Feliz, 286 F.3d 118, 118 n.1 (2d Cir. 2002).

In June 2001, Feliz filed a pro se motion, pursuant to 18 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel. Feliz claimed, inter alia, that counsel failed to investigate the victim's business to determine if it was legitimate for purposes of the Hobbs Act. By Order dated August 22, 2002, the Court denied this motion, ruling that the plea agreement waived Feliz's right to attack his sentence through a Section 2255 motion. Alternatively, the Court held that Feliz failed to show that his Sixth Amendment right to effective assistance of counsel had been deprived. Feliz v. United States, No. 01 Civ. 5544 (JFK), 2002 WL 1964347 at *4, 7 (S.D.N.Y., Aug. 22, 2002). With regard to Feliz's claim of counsel's failure to investigate, the Court observed,

> The Hobbs Act prohibits conduct that affects commerce "in any way or degree." Thus, "it is well established that the burden of proving such a nexus is 'de minimis.'" Indeed, the "possibility or potential of an

3

> effect on interstate commerce, not an actual effect," is all that is necessary to prosecute under the Hobbs Act. Given the "de minimis" standard and the facts of this case, it is indisputable that the Government could have successfully satisfied the interstate commerce element of the Hobbs Act, and [defense counsel] was not ineffective for failing to challenge the Government's ability to do so.

Id. at *5 (citations omitted) (alteration added).

## THE INSTANT MOTION

Feliz now seeks relief, pursuant to Federal Rule of Civil Procedure 60(b)(6), from the order denying his Section 2255 motion. He relies upon United States v. Perrotta, 313 F.3d 33 (2d Cir. 2002), a decision of the Court of Appeals for the Second Circuit issued after the denial of his Section 2255 motion, for the proposition that proof of a victim's occupation is insufficient to establish an effect on interstate commerce as required for Hobbs Act jurisdiction. Feliz further claims that his attorney failed to investigate whether this jurisdictional requirement could be met, and that this deficiency led him to "accept[ ] a plea for a crime which did not federally conform to statutory law." Petitioner's Brief at 7.

The Government opposes the motion on two grounds. First, the Government contends that the Perrotta decision did not change the decisional law with regard to Hobbs Act jurisdiction. Government's Brief at 3-5. Rather, the Perrotta court merely held that "a robbery victim's employment at a company engaged in interstate commerce was not adequate, standing alone, to satisfy

4

the interstate nexus requirement for prosecution under the Hobbs Act." Id. at 4. The Government asserts that evidence beyond the employment of Feliz's victim existed to establish the required interstate commerce nexus. Id. at 5. Specifically, the Government contends that:

> 1) the Victim directly participated in interstate commerce through his television repair business; 2) the Victim was targeted because of his status as the operator of a business participating in interstate commerce; 3) the harm to the Victim depleted the assets of a business engaged in interstate commerce; and 4) the crime targeted the assets of the business rather than the Victim.

Id.

Second, the Government alleges that, even if decisional law is changed under Perrotta, such a change does not provide a basis for relief from a final judgment under Rule 60(B)(6). Id. at 5-6.

Feliz filed a reply letter to the Government's brief in which he acknowledges that the Perrotta decision did not change the standard for Hobbs Act jurisdiction. See Petitioner's Response to Government's Motion to Deny at 2. Feliz maintains that (1) for the Hobbs Act to be constitutional, it requires more than mere evidence that a crime affects commerce "in any way or degree"; and (2) the Government submitted no evidence that the victim operated a business engaged in interstate commerce. Id. at 2-4. He asserts that the interstate commerce nexus in this

5

case is even more attenuated than that in Perrotta, where the victim worked for a registered business. Id. at 3-4.

### DISCUSSION

A district court may, upon such terms as are just, relieve a party from a final judgment for "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances." Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001). "[I]t is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)." Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir. 1986) (citations omitted).

Feliz "contends that the Perrotta decision constitutes a substantial clarification of law which directly affects petitioner's circumstance and the courts' decision in petitioner's [§] 2255 motion." Petitioner's Response to Government's Motion to Deny at 2 (emphasis in original). This contention fails. Perrotta represents the Second Circuit's application of the well-established case law – relied upon by this Court in denying Feliz's § 2255 motion, see supra p. 3-4 – to the particular factual scenario before the court. Under the Perrotta decision, Feliz's claim fails because the evidence would pass the jurisdictional test outlined in Perrotta.

In Perrotta, defendant was charged with conspiring to

extort money from an employee of a business engaged in interstate commerce. 313 F.3d at 35. At trial, the proof showed only that the defendant conspired to assault the victim "because the two were embroiled in a bitter personal dispute." Id. at 38. The evidence "did not show . . . that the dispute was connected to the victim's employment." Id. at 39 (internal quotation and citation omitted).

The Second Circuit reversed defendant's conviction, holding that "where the only connection to interstate commerce is that the victim works for a company engaged in interstate commerce, the link between the crime and interstate commerce is simply too attenuated to support federal Hobbs Act jurisdiction." Id. at 36. However, the Second Circuit did acknowledge "instances where a robbery or extortion of an employee of a business engaged in interstate commerce would likely support Hobbs Act jurisdiction": where the victim directly participated in interstate commerce; where the victim was targeted because of her status as an employee at a company participating in interstate commerce; where the harm to the victim would deplete the assets of a company engaged in interstate commerce; where the crime targeted the assets of a business rather than an individual; or where the victim was extorted of a sum so large, or was targeted in connection with so many individuals, that the amount at stake cumulatively had some effect on interstate

7

commerce. Id. at 37-38 (citing cases).

The evidence in Feliz' case fulfills the Perrotta jurisdictional requirements. Feliz admitted that he had been told that his victim was in the business of repairing televisions, and that he targeted the victim for that reason, because he believed the victim would have cash on hand. Feliz's victim thus participated in interstate commerce through his television repair business; Feliz targeted him because of his status as an operator of such a business; the harm to the victim depleted the assets of a business engaged in interstate commerce; and Feliz targeted the assets of the business rather than the individual victim. Under the standards enunciated in Perrotta, therefore, Feliz's Rule 60(b)(6) claim fails. Alternatively, because Feliz has not set forth any "extraordinary circumstances," relief under Rule 60(b)(6) must be denied.

## CONCLUSION

Feliz's motion for relief, pursuant to Federal Rule of Civil Procedure 60(b)(6), from the judgment denying his motion under 28 U.S.C. § 2255 is dismissed. This case is closed, and the Court directs its removal from the docket.

**SO ORDERED.**

Dated: New York, New York
September 2 0 , 2005

*John F. Keenan*
JOHN F. KEENAN
United States District Judge